UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GERARDO MARQUINA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-134 |
| | ) | (CR-2-94-61) |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM OPINION**

Gerardo Marquina has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1996 federal drug convictions, in reliance on the authority of *United States v. Booker*, 125 S.Ct. 738 (2005), and a related line of cases. For the following reasons, this petition will be **DISMISSED**.

In July, 1994, Marquina was charged in a six-count indictment with various cocaine offenses. The case was tried to a jury, but when it failed to reach a verdict, a mistrial was declared. During the second trial, Marquina pled guilty to one count of the indictment, but subsequently, was allowed to withdraw his plea. The third trial, held in October of 1996, resulted in a jury verdict of guilty on all counts. Marquina appealed, challenging various evidentiary rulings made during the trial, but his conviction was affirmed. *United States v. Marquina*, 172 F.3d 874 (Table), 1999 WL 55281 (6th Cir. Jan. 12, 1999). He then filed a motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After an evidentiary hearing, the motion was denied on the merits, *Marquina v. United States*, Civil Action No. 2:00-cv-06, (E.D.Tenn. Mar. 22, 2003), and he was unsuccessful in obtaining further review in the Sixth Circuit or, later, in the United States Supreme Court. ( Doc. 51

and Docket Entry of June 23, 2003 in No. 2:00-cv-06). He now seeks his release from custody pursuant to this instant § 2241 petition, alleging that his sentence was enhanced unconstitutionally, in violation of the *Booker* rule, and that, under *Booker*, he is actually innocent.

Unfortunately for Marquina, there is a bright-line rule applicable to "core habeas petitions" such as this one:[1] "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Marquina, according to his petition, is confined in a federal prison camp in Florida. Because Marquina is not confined in this district, this Court lacks jurisdiction over this petition and, hence, cannot issue the requested writ. *Id.* at 428 (traditionally, "habeas relief is issuable only in the district of confinement"); *accord Lee v. Wetzel*, 244 F.3d 370, 372 (5th Cir.2001) ("[T]he district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.").

Even if jurisdiction were not lacking, the claims raised in Marquina's petition constitute a challenge to the imposition of his sentence. Such claims primarily should be raised in a motion to vacate the sentence filed pursuant to § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). As previously noted, Marquina has already filed a § 2255 motion, which was denied. Nevertheless, Marquina may be able to secure review of his claims under § 2241 if he shows

---

[1] A core habeas petition challenges present physical custody. *Id.*

2

that his statutory remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. However, the remedy under § 2255 is not considered inadequate merely because a prior motion to vacate was denied. *Charles*, 180 F.3d at 756. It does not appear from the contentions made in the petition that Marquina has made the required showing of inadequacy of his § 2255 remedy.

At any rate, this is not the district wherein Marquina is confined and, therefore, his § 2241 petition will be **DISMISSED** for want of jurisdiction.

A separate order will enter.

ENTER:

s/ Leon Jordan
United States District Judge